IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:22-cr-280-S |
| | § | |
| DAVID MICHAEL VERASTEGUI, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order date September 23, 2022, United States District Judge Karen Gren Scholer referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on September 15, 2022 [Dkt. No. 5] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 15.

Defendant David Michael Verastegui personally appeared in person and through counsel for a final revocation hearing by on October 26, 2022.

After consideration of the filings, Defendant's written statement on his own behalf as read by his counsel, the statements of his employer and character witness Jason Blake and of his girlfriend Mykel De La Serna, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

## Background

Defendant David Michael Verastegui was sentenced to a sentence of 21 months, followed by a 3-year supervised release term, for the offense of Conspiracy to Transport Undocumented Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(I).

Defendant began his term of supervised release on June 12, 2020.

## A.    Alleged Violations

On September 13, 2022, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following four violations:

### Previous Court Notifications

On July 19, 2022, a Request for Modifying the Conditions or Term of Supervision was filed in the Southern District of Texas which notified the Court of David Michael Verastegui's noncompliance of failing to submit to random drug testing, failing to reside at an approved address, and consumption of alcohol. The notification also provided the Court with details of Mr. Verastegui's suicide attempt. The U.S. Probation Office requested Mr. Verastegui's conditions be modified to include mental health treatment. U.S. District Judge Nelva Gonzales Ramos agreed with the request and agreed to transfer jurisdiction to the Northern District of Texas.

The above-noted violations are listed in the allegations below, along with additional violations.

### Current Noncompliance

### I.

### Violation of Mandatory Condition No. 2

You must not unlawfully possess a controlled substance.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Special Condition

You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.

### Nature of Noncompliance

David Michael Verastegui violated these conditions of supervised release when he used marijuana, an illegal controlled substance, in or about August 2022. On August 9, 2022, Mr. Verastegui submitted a urine specimen at Phoenix Associates Counseling Services (PACS) in Dallas, Texas, which tested positive for marijuana. On August 23, 2022, Mr. Verastegui denied any use of marijuana or any other illegal controlled substance. The specimen was confirmed positive for marijuana by Alere Toxicology Services.

### II.

### Violation of Special Condition

You may not use or possess alcohol.

### Nature of Noncompliance

Mr. Verastegui violated this condition of supervised release when he consumed alcohol in or about April 2022. Specifically, on April 17, 2022, he reported to U.S. Probation Officer Eric Tolbert (USPO Tolbert) that he consumed alcohol on Easter Weekend. He signed an Admission of Drug Use admitting to the consumption of alcohol.

Mr. Verastegui violated this condition of supervised release when he consumed alcohol in or about June 2022. Specifically, on June 18, 2022, he reported to USPO Tolbert that he consumed alcohol leading to his suicide attempt. He signed an Admission of Drug Use admitting to the consumption of alcohol.

### III.

### Violation of Standard Condition No. 4

You must answer truthfully the questions asked by your probation officer.

## Violation of Special Condition

You may not use or possess alcohol.

## Nature of Noncompliance

Mr. Verastegui violated these conditions of supervised release when he consumed alcohol in or about July 2022. Specifically, on July 5, 2022, he reported to USPO Tolbert at the U.S. Probation Office in Arlington, Texas with an odor of alcohol emitting from his person. Mr. Verastegui denied any use of alcohol that day or the day before. USPO Tolbert administered a breathalyzer test on Mr. Verastegui which detected a blood alcohol concentration (BAC) of .009; and a second breathalyzer test detected a BAC of .007. Mr. Verastegui verbally admitted to having one alcoholic drink the day prior. An administrative meeting was conducted with Supervising U.S. Probation Officer Angela Roberson (SUSPO Roberson) where Mr. Verastegui fully disclosed having three cups of rum and coke. He signed an Admission of Drug Use admitting to the consumption of alcohol.

### IV.

## Violation of Special Condition

You must participate in an outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program, if financially able.

## Violation of Special Condition

You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You may not attempt to obstruct or tamper with the testing methods.

## Nature of Noncompliance

Mr. Verastegui violated these conditions of supervised release when he failed to submit to random drug testing at PACS as directed on April 6, April 20, May 10, May 25, June 6, June 22, June 27, and August 17, 2022. Additionally, he failed to submit to random drug testing at Helping Open People Eyes (HOPE) in Fort Worth, Texas on July 21, 2022.

Mr. Verastegui violated these conditions of supervised release when he failed to report for substance abuse counseling sessions at HOPE on July 25, and August 4, 2022.

## V.

### Violation of Special Condition

The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Mr. Verastegui violated this condition of supervised release when he failed to report for mental health counseling session at Centro de Mi Salud, in Dallas, Texas, on September 9, 2022.

## VI.

### Violation of Standard Condition No. 4

You must answer truthfully the questions asked by your probation officer.

### Violation of Standard Condition No. 5

You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

### Violation of Standard Condition No. 13

You must follow the instructions of the probation officer related to the conditions of supervision.

### Nature of Noncompliance

Mr. Verastegui violated these conditions of supervised release in or about May 2022 when he moved from his approved address without prior approval of the U.S. Probation Officer. On June 27, 2022, USPO Tolbert contacted Mr. Verastegui's sister, Martha "Maggie" Verastegui, and she informed Mr. Verastegui had not lived at her residence for approximately one month when he began living with his girlfriend in Fort Worth, Texas. Mr. Verastegui was instructed to move back into his sister's residence. On July 5,

2022, Mr. Verastegui reported to the Arlington office and verbally admitted that he did not follow this officer's instructed and stated he continued to reside with his girlfriend in Fort Worth.

Mr. Verasegui further violated these conditions of supervised release in or about August 2022 when he moved from his approved address without prior approval of the U.S. Probation Officer. On September 12, 2022, USPO Tolbert contacted Mr. Verastegui's sister, Maggie, and she informed Mr. Verastegui left her residence approximately one month ago and he is living with his girlfriend in Fort Worth.

## Personal History

Mr. Verastegui began his term of supervised release on June 12, 2020, in the Southern District of Texas, McAllen Division. On March 18, 2022, his supervision was transferred to the Northern District of Texas, Dallas Division. He is currently employed at Kraft-Heinz in Garland, Texas. Although this information differs from what his sister reports, Mr. Verastegui continues to reporting residency with his sister, in Garland.

On June 18, 2022, at approximately 1:02 a.m., Garland Police Department (GPD), Garland, Texas responded to a welfare concern at a residence in Garland. Mr. Verastegui called the police stating that he did not want to live, and he was "giving up." GPD received a second call from Mr. Verastegui's sister, Nancy Verastegui, advising that Mr. Verastegui was threatening to harm himself and stating he was "going to the water." Mr. Verastegui also posted a Facebook live video in which he provided his location, apologized to his family and stated, "I'm done." Officers found Mr. Verastegui with soiled clothing and coming from the area of Lake Ray Hubbard. He stated he no longer wanted to live because his girlfriend and sister "disowned" him and he advised he has been having a difficult time with multiple issues compiling at once. He explained to officers that he arrived at the lake but decided he would obtain a gun to kill himself because it would be better than drowning. Mr. Verastegui was placed in handcuffs and taken to Methodist Richard Medical Center - Campbell in Richardson, Texas for further mental health assessment.

On June 27, 2022, Mr. Verastegui reported to USPO Tolbert at the U.S. Probation Office in Arlington, Texas to discuss the reported events of June 18, 2022. Mr. Verastegui stated he is embarrassed by the incident which was the result of him being drunk and depressed. He explained that his brother has custody of his son, and he has been depressed because his brother will not allow him to see his son or their mother. Further, he expressed his sister, Nancy, is always negative towards him and she gives him a hard time about his criminal history. Mr. Verastegui admitted to needing counseling to address depression.

He also admitted he has not been living with his sister, Maggie, in Garland. He informed he is currently living with his girlfriend, Mykel Dela-Serna, in Fort Worth which caused him to miss random drug testing at PACS. He informed he and his girlfriend broke up which also contributed to his suicide attempt. Mr. Verastegui requested to be enrolled in random drug testing in Fort Worth due to the proximity of his job and new residence. Mr. Verastegui received a verbal reprimand from USPO Tolbert about his lack of communication concerning his mental health needs, change of residence, consumption of alcohol, and failure to submit to drug testing as instructed. He was directed to attend Alcoholics Anonymous to address his alcohol use pending enrollment in treatment for dual disorders (substance abuse and mental health). He was also instructed to move back to his sister's residence in Garland.

On July 5, 2022, Mr. Verastegui reported to the U.S. Probation Office in Arlington with an odor of alcohol emitting from his person. A breathalyzer was administered which detected the presence of alcohol as noted in Roman Numeral III. Mr. Verastegui reported he did not move back to his sister's and stated he continued to reside with his girlfriend. He informed that his girlfriend was pregnant, and he did not want to leave. Mr. Verastegui was instructed to leave his girlfriend's home and reside at the approved address with his sister.

On July 29, 2022, a virtual home visit was conducted with Mr. Verastegui, and he again reported he did not move back with his sister. Mr. Verastegui argued that his sister is not going to support him, and it was best for him to stay with his girlfriend. SUSPO Roberson and USPO Tolbert staffed the situation and agreed to allow Mr. Verastegui the opportunity to reside with his girlfriend.

On August 8, 2022, USPO Tolbert contacted Mr. Verastegui who reported he and his girlfriend broke up and that she had a miscarriage. USPO Tolbert gave Mr. Verastegui a verbal reprimand and instructed him to only reside with his sister.

On September 10, 2022, Fort Worth Police Department, in Fort Worth, Texas was dispatched to 4832 Melita Avenue in Fort Worth, to locate Mr. Verastegui who called 911 and reported he was suicidal and wanted to crash his vehicle in an effort to kill himself. Officers arrived at the location and were greeted by Mykel De La Serna. She reported Mr. Verastegui was erratic and wanted to crash his vehicle. She reported he kicked out the screen of her front door, called 911 about his intent to commit suicide, and left in his vehicle. While officers were collecting Mr. Verastegui's identifiers, Mr. Verastegui returned to the address and informed officers he wanted to be arrested because

he was suicidal and done with his life. He was detained for a mental health evaluation and taken to JPS Hospital in Fort Worth.

On September 12, 2022, USPO Tolbert contacted Mr. Verastegui's sister, Maggie, to discuss the incident. She informed she is unaware of the events on September 10th. She stated Mr. Verastegui is residing with his girlfriend again and advised he has not resided at her residence for approximately one month.

Dkt. No. 4 at 1-5.

On September 15, 2022, Judge Scholer signed the petition and issued a warrant for Defendant. *See id.* at 6; Dkt. No. 5. Defendant made his initial appearance on September 19, 2022. *See* Dkt. No. 7. He was ordered detained pending a final revocation hearing. *See* Dkt. No. 13.

## B.    <u>Revocation Hearing</u>

Defendant appeared with counsel for a final revocation hearing on October 26, 2022. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant agreed to – and did – plead true to the alleged violations numbered I through VI in the Petititon.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel argued for making an exception to mandatory revocation or, alternatively, a sentence at time served with an additional term of supervised release. The government deferred to the Court under the circumstances. Defendant took responsibility for his actions.

At the conclusion of the hearing, the undersigned orally recommended that Judge Scholer accept Defendant's pleas of true to the alleged violations numbered I through VI in the Petition, that Judge Scholer find that Defendant violated his supervised release conditions as alleged in the Petition, that Defendant's term of supervised release be revoked, and that Defendant be sentenced to a term of imprisonment of tine served, with an additional term of supervised release of 2 years. And Defendant was advised of his right to object to these recommendations to Judge Scholer.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
>     (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

\*\*\*

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634

F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I through VI in the Petition, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even insofar as Section 3583(d) could require the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation, the Court should not, in its discretion, apply this exception. Rather, after

considering the relevant factors identified in 18 U.S.C. § 3583(e) that are set forth in 18 U.S.C. § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition, the statutory maximum term of incarceration on revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 4 at 5 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, he is subject to a violation grade of C and a criminal history category of IV, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 6-12 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 4 at 5 (citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See* Dkt. No. 4 at 5.

A sentence of time served with an additional term of two years of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). While on supervision, Defendant's compliance with the conditions of supervision has been marginal. Mr. Verastegui has admitted to consuming alcohol on several occasions, failed to submit to random drug testing and tested positive for marijuana. He has also lied about his residency multiple times

and ignored the probation office's directive to reside at his approved residence. Mr. Verastegui was referred for treatment services to address his mental health, after his suicidal attempt, but, before he was detained, he has failed to consistently attend his treatment sessions. But Defendant has benefited from substance abuse and mental health treatment since he was detained over 30 days ago, and he would benefit from – as Defendant's counsel advocated – in-patient substance abuse treatment program followed by outpatient substance abuse treatment and mental health treatment while on supervised release. Considering Defendant's progress since his detention, the Court should vary from the advisory 6-to-12-monthrange because a term of time served is sufficient, but not greater than necessary, to comply with the purposes of sentencing applicable in this context, including to protect the public and assist Defendant with learning from and avoiding further dangerous, illegal, and problematic behavior in the future.

And he Court should impose the following conditions of supervised release:

<u>Mandatory Conditions:</u>

1.    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody.

2.    The defendant shall not commit another federal, state, or local crime.

3.    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

4.    The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission, as incorporated by Northern District of Texas Miscellaneous Order No. 64, and shall comply with the following additional conditions:

<u>Special Conditions:</u>

1.    The defendant shall participate in an in-patient program and a follow-on outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $10 per month.

2.    The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

3.    The defendant must reside with Mykel De La Serna unless his supervising probation officer gives permission in advance for him to reside with another individual.

4.    The defendant may not use or possess alcohol.

## Recommendation

The Court should accept Defendant David Michael Verastegui's pleas of true to the alleged violations numbered I through IV in the Petition; should revoke Defendant David Michael Verastegui's term of supervised release; and should sentence Defendant David Michael Verastegui to a term of imprisonment of time served to be followed by an additional term of two years of supervised release.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE